Dear Chief Joseph:
You have requested an opinion of the Attorney General regarding longevity pay and its availability to an employee/member of the Jennings Police Department (Department) occupying the position of Police Records Clerk (Clerk).
You state that in August of 1995, the position and job description of the Clerk were approved and adopted by your local civil service board as a full-time civil service position within the Department. You have attached a copy of the civil service job description which outlines the duties of the Clerk. They include, but are not limited to, the following:
1. Receives and processes department records and reports of activity.
2. Enters records into department computer.
3. Responds to correspondence on own initiative, in accordance with departmental procedures.
4. Places telephone calls for the Chief and answers telephone calls coming in on assigned lines.
5. Maintains accounts reflecting money and assets of the department.
6. Collects fines and bond money.
7. Handles payroll and maintains supplies and inventory.
8. Processes evidence received from police officers in accordance with departmental regulations.
9. Gives testimony in court regarding evidence processed.
In answer to your question, we refer you to R.S. 33:2211(B) and 2212(E), both of which were enacted by Act No. 101 of 1948. The former defines the term "employee of a police department" as follows:
 "B. The term `employee of a police department' as used in this Subpart shall include all persons employed or engaged full time and paid by the municipalities affected by this Subpart, for the enforcement of laws and ordinances and the general preservation of the public peace and order, including jailers and radio operators not otherwise classified, but shall not include or mean pound keepers, dog catchers, janitors, porters, elevator operators, chefs, kitchen helpers and workers, mechanics and mechanical helpers, special guards, physicians, carpenters, sign painters, any part-time or temporary employee, or any other employment of such special nature."
As can be gleaned from the above, the newly created position, in question, is neither included nor excluded by statutory definition. We focus now on Section 2212(E).
Prior to its amendment by Act No. 879 of 1981, Section 2212 fixed minimum salaries and increases thereto for each employee of thepolice department according to that employee's position, grade or class. However, Act No. 879 amended Section 2212 by adding Paragraph (E). Its purpose was to address longevity pay as it relates specifically to the Jennings Police Department. It provides as follows:
 "E. On and after September 1, 1981, each member of the police department of the city of Jennings who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used to compute longevity pay." [Emphasis added.]
As can be seen from the above, longevity pay is available to eachmember of the Department having three years continuous service. While one could argue that some ambiguity may exist as to whether the Clerk falls within the definition of an "employee", we are of the opinion that the Clerk unequivocally constitutes a "member" of the Department.
Accordingly, it is the opinion of this office that the Clerk is entitled to longevity pay once the continuous service requirement has been met.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released: